UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DREW H. RAY,

    Plaintiff,

v.

CITY OF PUYALLUP, a municipal corporation of the State of Washington,

    Defendant.

Case No. C04-5475

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND FOR TERMS

    Before the court is the motion of Defendant City of Puyallup to compel discovery and for terms against Plaintiff Drew H. Ray. The court, having considered the motion, reply and the balance of the record, finds that the motion should be granted, but terms denied pending compliance with this Order. Plaintiff has failed to respond to Defendant's motion. Pursuant to Local Rule CR 7(2), such failure may be considered by the court as an admission that the Defendant's motion has merit.

I.

    Plaintiff filed a discriminatory failure to hire claim against Defendant, alleging economic and emotional distress damages.[1] Part of Plaintiff's claim for economic damages includes a claim for lost wages. Defendant served its request for production of Plaintiff's complete federal income tax returns, including W-2 forms, filed with the IRS for the tax years 1999, 2000, 2001, 2002, 2003 and

---

[1] Defendant claims that the parties agreed to enter into a stipulation for voluntary dismissal of Plaintiff's emotional distress and mental anguish claims in lieu of production of Plaintiff's medical record, leaving only a claim for economic damages (including lost wages). The court is, however, unaware of any stipulation of dismissal.

ORDER - 1

2004. Plaintiff made no objection to the request. Despite repeated requests by Defendant and repeated assurances by Plaintiff that the documents would be produced "as soon as located," or that IRS Form 4506 would be produced in lieu, Plaintiff has failed and continues to fail to produce the requested tax records.

## II.

A party is entitled to discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . . ". Fed.R.Civ.P. 26. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401. It is undisputed that the requested discovery is relevant to Plaintiff's claim for economic damages. Indeed, Plaintiff did not object to Defendant's request, but has simply refused to comply with it for over five months. Thus, Defendant is entitled to the requested tax records and is entitled to move to compel production and request appropriate sanctions for Plaintiff's non-compliance. *See*, Fed.R.Civ.P. 37(a)(2).

## III.

The court is not persuaded that, at this time, sanctions should be imposed against Plaintiff. However, if Plaintiff does not comply with this court's order compelling production of the requested documents, Plaintiff will be subject to appropriate sanctions, including monetary sanctions.

IT IS ORDERED that Defendant's motion to compel is **GRANTED** in part and **DENIED** in part, as follows:

(1) Defendant's motion (Dkt. No. 22) to compel full and complete answers to Defendant's Request for Production No. 6 is **GRANTED;**

(2) Plaintiff shall produce to Defendant, complete copies of his federal income tax returns, including W-2 forms, filed with the IRS for tax years 1999, 2000, 2001, 2002, 2003, and 2004, or a completed IRS Form 4506, on or before Friday, December 9, 2005; and

ORDER - 2

(3)  Defendant's motion for monetary sanctions (Dkt. #22) is **DENIED** at this time pending compliance with this Order.

DATED this 29th day of November, 2005.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3